UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA K. WILLENS, | Case No. SACV 12-01122-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On July 10, 2012, Debra K. Willens ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on October 24, 2012. On January 10, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 51 year old female who applied for Social Security Disability Insurance benefits on January 28, 2009, alleging disability beginning April 18, 2007. (AR 23.) Plaintiff has not engaged in substantial gainful activity since April 18, 2007, the alleged onset date. (AR 25.)

Plaintiff's claim was denied initially on June 29, 2009, and on reconsideration on September 17, 2009. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Milan M. Dostal on August 25, 2010, in Orange, California. (AR 23.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 23.) Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 23.) The ALJ issued an unfavorable decision on December 10, 2010. (AR 23-31.) The Appeals Council denied review on April 25, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as the basis for reversal and remand:

1. Whether the ALJ's finding that Ms. Willens can perform work at all exertional levels is supported by substantial evidence and free of legal error.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination,

the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 18, 2007, the alleged onset date. (AR 25.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: chronic non-focal vocal cord disorder with dysphonia and loss of voice of undetermined etiology, status post multiple fiberoptic laryngoscopies and vocal cord rehabilitation; a history of restrictive airway disease (asthma) with recurrent upper

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

respiratory infections; a history of cervical and lumbar spine sprain; status-post hysterectomy; and obesity. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

The ALJ then found that the Plaintiff had the RFC to perform a full range of work, at all exertional levels with the following non-exertional limitations:

> . . . because of respiratory impairments, the Claimant must avoid dust, fumes, and gases, and because of loss of voice symptoms (i.e. hoarseness), she must avoid excessive noise, avoid yelling, and avoid using a loud voice; the Claimant has moderate pain in various parts of the body, including the neck, back, knees, abdomen, and throat, all of which are adequately controlled with appropriate medications without adverse side effects; and the Claimant has associated symptoms of nausea, fatigue, and dizziness, which are also adequately controlled with appropriate medications without adverse side effects.

(AR 27.) In determining the above RFC, the ALJ made an adverse credibility finding (AR 27-29), which is not challenged here.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as senior accountant/administrative assistant and controller as actually and generally performed. (AR 31.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 31.)

**DISCUSSION**

The ALJ decision must be affirmed. Plaintiff challenges the ALJ's RFC assessment that Plaintiff can perform a full range of work at all exertional levels, contrary to the opinions of several physicians, both treating and examining. The ALJ, however, properly discounted these

opinions based on Plaintiff's serious credibility problems, which are not disputed, and because the opinions are unsupported by objective medical evidence.

**A.     Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and

legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.      Analysis**

Plaintiff's treating physician Dr. Brian Capoleto opined that Plaintiff was exertionally limited to less than sedentary work. (AR 1165-59.) Dr. Robert Bader, the consulting examining internist, opined that Ms. Willens was exertionally limited to sedentary work. (AR 1175.) The State Agency reviewing physician Dr. Ligot opined Claimant was exertionally limited to light work. (AR 1177-82.) The ALJ rejected the exertional limitations assessed by all these physicians.

This case primarily is about credibility. The ALJ made an adverse credibility finding, which Plaintiff does not challenge. (AR 27-29.) An ALJ may reject a treating physician's opinion based on discredited subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1043 ("[A]n opinion of disability premised to a large extent upon claimant's accounts of his [her] symptoms and limitations may be disregarded once those complaints have themselves been properly discounted").

Here, the ALJ found that Plaintiff misrepresented that she had not filed for public benefits. (AR 28.) She reported no fatigue, shortness of breath, or dizziness to medical professionals, but reported these symptoms to the agency and alleged them at the hearing. (AR 28.) The ALJ found daily activities inconsistent with Plaintiff's alleged symptoms, such as working out extensively, walking a mile every day, and lifting and carrying groceries. (AR 28.) Plaintiff also demonstrated negative straight leg raising and normal neurologic function consistent with her activities of daily living. (AR 29.) The record evidence indicated medical improvement in her voice. (AR 28-29.) Medical records also corroborate that, while hoarse, her voice is audible and clearly understood. (AR 26, 29.) These unchallenged findings support

the ALJ's rejection of the exertional limitations assessed by Dr. Capoleto, Dr. Bader and Dr. Ligot.

The ALJ, however, offered additional reasons for rejecting any exertional limitations. The ALJ found that Dr. Capoleto's exertional and/or postural limitations were unsupported by clinical evidence and objective findings and inconsistent with the objective medical evidence of normal neurological function in the cervical and lumbar spine and negative straight leg raising. An ALJ may reject a treating physician's opinion if inadequately supported by clinical findings. Thomas, 278 F.3d at 957; Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004). Plaintiff claims Dr. Capoleto's findings are supported by hundreds of pages of medical records, but fails to demonstrate even one page of those records that presents any objective medical evidence.

The ALJ rejected the exertional limitations assessed by the consulting examiner, Dr. Bader, because his opinion was inconsistent with his own objective findings. (AR 30.) An ALJ may reject a physician opinion if inadequately supported by clinical findings or when it is not supported or is contradicted by his own notes and clinical findings. Id. Plaintiff complains that the ALJ's reason for rejecting Dr. Bader's exertional limitations was conclusory, but earlier in the ALJ decision, the ALJ noted Dr. Bader's finding of normal neurological function and negative straight leg raising that is the basis of the ALJ's finding. (AR 29, 1173, 1176, Ex. 14F/7.)

The ALJ rejected State reviewing physician Dr. Ligot's exertional limitations because Claimant's reported daily activities "well exceed the exertional capacity assessed." (AR 30.) Morgan, 169 F.3d at 601-02 (ALJ permissibly rejected physician opinion when it conflicted with claimant's activities). The ALJ, in other words, rejected Dr. Ligot's exertional limitations because of Claimant's lack of credibility. The ALJ, moreover, adopted Dr. Ligot's opinions that Claimant can frequently perform postural and manipulative activities in light of a lack of evidence of any neurological evidence or manipulative limitations. (AR 30, 1178-1182.) Dr. Ligot also questioned Claimant's allegation of vocal cord paralysis because the consulting examiner ruled out any neurologic disease that would induce vocal cord paresis or paralysis. (AR 1181.) Dr. Ligot found no evidence of internal derangement of the knee, which he noted

8

was inconsistent with Plaintiff's activities of walking a mile, driving and shopping. (AR 1181.) The ALJ found that Dr. Ligot's assessment most closely parallels the ALJ's own review of the evidence, except for the exertional limitations. (AR 30.)

Although Plaintiff disagrees with the ALJ's interpretation of the evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and that this case is dismissed with prejudice.

DATED: January 22, 2013

  */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

9